COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-287-CR

KENNETH WAYNE JOHNSON APPELLANT

A/K/A KENNETH W. JOHNSON 

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Kenneth Wayne Johnson a/k/a/ Kenneth W. Johnson of possession of four or more but less than two hundred grams of a controlled substance (cocaine) with the intent to deliver, and the trial court sentenced him to thirty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In two points, Appellant contends that the evidence is legally and factually insufficient to support his conviction.  Because we hold that the evidence is sufficient, we affirm the trial court’s judgment.

Sergeant Clay Hayes of the Fort Worth Police Department testified that at around 11:20 p.m. on December 30, 2003, he spotted Appellant, Nolan Sperling, and a black female standing outside the Caville Place Apartments in Fort Worth, Texas, from his vantage point in the squad car that he shared with his partner, driver Sergeant Matthew Weber.  Sergeant Hayes testified that he saw what appeared to be a drug transaction take place between Appellant and the female.  The female moved in such a way that he thought that she began smoking something, although he could see neither a flame nor smoke from his location in the police car, five or six car lengths away from her.

After Sergeant Hayes got out of the car, the female walked quickly away from Appellant and Sperling.  Sergeant Hayes then saw Appellant drop what appeared to be a paper towel on the ground.  When Sergeant Hayes retrieved the item, he saw that it contained several bags of a rock-like substance later determined to be more than nine grams of cocaine.  Sergeant Hayes arrested Appellant and identified him at trial as the person who had dropped the drugs.  Sergeant Hayes also testified that no one else was near Appellant and Sperling after the girl left, nor did anyone else come near them.  No money or drugs were found on Appellant’s person.

Both officers testified that the location of the stop and arrest was a high crime area known for drug activities.  They also both testified that the amount and packaging of the drugs indicated that they were not for personal use but were “dealer quantity.”

Defense witness Nolan Sperling testified that Appellant did not drop the drugs because he was holding a plate of food and a drink, that several people were in the group, and that an unidentified man dropped the drugs as he ran by the group.  The defense also focused on discrepancies in the police report regarding the street address of the stop, the direction in which the police car was traveling before the stop, and which person Sergeant Hayes saw drop the drugs.  The officers explained that the discrepancies in the report were just mistakes.

A jury is responsible for resolving the conflicts in the evidence.
(footnote: 2)  Further, a jury may believe some, all, or none of a witness’s testimony.
(footnote: 3)  Consequently, based on the applicable standards of review,
(footnote: 4) we hold that the evidence is legally and factually sufficient to support Appellant’s conviction.  We therefore overrule Appellant’s two points and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 24, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Wesbrook v. State
, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001).

3:
Chambers v. State
, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

4:
See Jackson v. Virginia
,
 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000) (all providing legal sufficiency standard of review); 
see Zuniga v. State
, 144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 2004); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing factual sufficiency standard of review); 
see also Poindexter v. State
, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005) (providing “affirmative links” rule).